**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMANDEEP JASSAL,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 25-cv-1149** |
| | : | |
| **A&M ACQUISITIONS, LLC,** *et al.*, | : | |
| **Defendants.** | : | |

---

**O R D E R**

Pursuant to the Telephone Consumer Protection Act, Plaintiff Amandeep Jassal brings this class action against Defendants A&M Acquisitions, LLC, and Vanguard Realty Alliance, LLC.  47 U.S.C. § 227 <u>et seq.</u>  (First Amend. Compl., Doc. No. 16.)  VRA moves to dismiss and strike. (Doc. No. 17.)  I will deny the Motion.

**I.      BACKGROUND**

Jassal is a New York resident who uses his cell phone as his home number.  (Doc. No. 16 ¶¶ 6, 15–17.)  A&M is a Pennsylvania limited liability real estate company run by Alex Camaerei and Marcello Riccardi.  (<u>Id.</u> ¶¶ 8–9.)  VRA is a Pennsylvania limited liability real estate company that associated with A&M.  (<u>Id.</u> ¶¶ 7, 11.)

As alleged, Jassal, who registered his cell phone with the federal Do Not Call Registry, received several calls from a "rotating series" of numbers, "including at least four corresponding prerecorded voice messages" on May 10, May 12, May 17, and September 10, 2024.  (<u>Id.</u> ¶¶ 15–20, 22.)  In these messages, a caller using the name "Nick" asked Jassal if he were willing to sell his property and provided a callback number used by Camaerei.  (<u>Id.</u> ¶¶ 20, 28.)  As alleged, these messages were part of A&M's strategy to: (1) persuade each homeowner called to sell his or her property below fair market value; (2) remarket the property to third-party purchasers or investors

1

before the sale; and (3) "assign or sell the contract to that investor at a substantial premium," "allowing the investor to step into [A&M]'s shoes and acquire the house instead." (Id. ¶ 30.)

A&M "also offer[ed] traditional real estate representation through VRA." (Id. ¶ 32.) On June 16, 2024, VRA announced the "addition of [A&M] to its roster of real estate agents in a [web] post." (Id. ¶ 44.) By "actively promoting" and "providing training, technology, and support" to A&M, VRA is also alleged to be "responsible for sending the communications at issue." (Id. ¶ 53 (internal quotations omitted).)

On March 4, 2025, Jassal filed this TCPA class action. (Doc. No. 1.) On April 15, 2025, Jassal filed an Amended Complaint, alleging: (1) that Defendants sent prerecorded messages without express consent (Count I); (2) that Defendants made these calls to numbers on the federal Do Not Call Registry (Count II); and (3) that Defendants did not properly identify "the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted" (Count III). (Doc. No. 16 (quoting 47 C.F.R. § 64.1200(d)(4)).) On April 28, 2025, VRA moved to dismiss these Counts and dismiss "and/or" strike Jassal's request for attorney's fees and costs. (Doc. No. 17.) The matter is fully briefed. (Doc. Nos. 17, 19.)

## II.    LEGAL STANDARDS

I must accept Plaintiff's factual allegations and make all reasonable inferences in his favor. Fed. R. Civ. P. 12(b)(6); In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This inquiry "is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the

complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must "state a claim to relief that is plausible on its face." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). I may also consider "exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). "The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller, 311 F.3d at 215. See Hecht v. Malvern Prep. Sch., No. 10-1374, 2010 WL 3398957, at *3 (E.D. Pa. Aug. 26, 2010). It is the defendant's burden to show that the plaintiff has failed to allege facts sufficiently detailed to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

I "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial content "has no essential or important relation to the claim for relief." Snider for Goldhirsh v. State Farm Fire & Cas. Co., 644 F. Supp. 3d 141, 147 (E.D. Pa. 2022) (quoting Donnelly v. Commonw. Fin. Sys., No. 07-1881, 2008 WL 762085, at *4 (M.D. Pa. Mar. 20, 2008)). Impertinent content "does not pertain to the issues raised in the complaint." Id. Scandalous material "improperly casts a derogatory light on someone, most typically on a party to the action." Id. (citing Carone v. Whalen, 121 F.R.D. 231, 233 (M.D. Pa. 1988)).

I "must use strict discretion in granting a movant's request to strike allegations from a Complaint." Kovalev v. Lidl US, LLC, 647 F. Supp. 3d 319, 335 (E.D. Pa. 2022). "Motions to strike are generally disfavored." Brown v. LM Gen. Ins., No. 21-2134, 2021 WL 3809075, at *2 (E.D. Pa. Aug. 26, 2021); Champ v. USAA Cas. Ins. Co., No. 5:20-CV-01238, 2020 WL 1694372,

at *2 (E.D. Pa. Apr. 7, 2020) ("Striking a pleading or a portion of a pleading is a drastic remedy to be resorted to only when required for the purposes of justice.") (internal quotations and citations omitted).

## III.    DISCUSSION

### A.    Prerecorded Calls (Count I)

VRA argues that Jassal does not make out a "prerecorded" phone call.  47 U.S.C. § 227(b)(1)(A)(iii).  (Doc. No. 17-2 at 18–19.)  I disagree.

The TCPA makes unlawful "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to a cell phone without prior express consent.  47 U.S.C. § 227(b)(1)(A)(iii).  "Courts have denied motions to dismiss in cases brought under the TCPA in which plaintiffs have alleged that they received prerecorded calls and that the contents of the call[s] were identical."  Rose v. New TSI Holdings, Inc., No. 21-5519, 2022 WL 912967, at *2 (S.D.N.Y. Mar. 28, 2022) (collecting cases).

VRA urges that the "only evidence" of a prerecorded call is a "slight pause at the outset" and "the absence of the caller identifying [Jassal] by name."  (Doc. Nos. 17-2 at 18–19.)  Yet, Jassal alleges that "some of the voices messages delivered on different dates—such as the May 10 and [May] 27, 2024 messages—are identical copies of each other" and were thus "*necessarily* delivered with the use of a prerecorded device."  (Doc. No. 16 ¶ 22 (emphasis in original).)  Because Jassal purportedly "heard the same prerecorded message," his allegations make out a plausible TCPA claim on this Count.  Abramson v. Caribbean Cruise Line, Inc., No. 14-435, 2014 WL 2938626, at *4 (W.D. Pa. June 30, 2024) (denying motion to dismiss).

If VRA can show that the challenged call were not prerecorded, it should do so at summary judgment.

4

**B.    Multiple Calls Within a 12-Month Period (Counts II and III)**

VRA also argues that Jassal fails to allege that VRA is responsible for calling him multiple times within a 12-month period.  47 U.S.C. § 227(c)(5).  (Doc. No. 17-2 at 11–17.)  I disagree.

The TCPA provides a right of action to "[a] person who has received more than one telephone call within any 12-month period."  47 U.S.C. § 227(c)(5).  Jassal "must plead (1) he received more than one telephone solicitation call within twelve months, (2) by or on behalf of the same entity, (3) on a residential phone registered on the Do Not Call Registry."  Weingrad v. Top Healthcare Options Ins. Agency Co., No. 23-5114, 2024 WL 4228149, at *3 (E.D. Pa. Sept. 17, 2024) (citing Camunas v. Nat'l Republican Senatorial Comm., 541 F. Supp. 3d 595, 604 (E.D. Pa. 2021)).

In his Amended Complaint, Jassal alleges that he received four telephone calls from A&M on: (1) May 10, 2024; (2) May 12, 2024; (3) May 17, 2024; and (4) September 10, 2024.  (Doc. No. 16 ¶ 20.)  Jassal further alleges that "VRA Reality touted its addition of [A&M] to its roster of real estate agents in a [web] post" on June 16, 2024.  (Id. ¶ 44.)  VRA urges that is not responsible for any calls A&M made before the post and thus did not violate the TCPA.  (Doc. No. 17-2 at 17.)

Nevertheless, it is "entirely plausible" that VRA and A&M associated 30 days before VRA announced the partnership on its website.  (Doc. No. 19 at 17.)  See Iqbal, 556 U.S. at 663–64 (A court must "draw on its experience and common sense" in "determining whether a complaint states a plausible claim"); see also Mey v. Castle L. Grp., PC, No. 19-185, 2020 WL 3440566, at *5 (N.D.W. Va. June 23, 2020) (denying motion to dismiss TCPA claims despite defendant's argument that "it was incorporated after the alleged calls").  Moreover, VRA has the opportunity to disclose the nature and duration of its involvement with A&M in discovery.  Accordingly, I will deny VRA's Motion to dismiss Counts II and III.

### C.    Attorney's Fees and Costs

Finally, VRA argues that Jassal's claims for attorney's fees and costs must be "dismissed and/or stricken" from the First Amended Complaint.  (Doc. No. 17-2 at 20–21.)  Again, I disagree.

Jassal and VRA agree that "the TCPA does not provide a prevailing plaintiff the right to recover attorney's fees and costs."  (Doc. No. 19 at 20 (quoting Doc. No. 17-2, at 16).)  Yet, Rule 23(h) provides that a prevailing plaintiff in a class action may recover counsel's fees and costs:

> In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement.

Fed. R. Civ. P. 23(h).  See e.g., Brown v. Rita's Water Ice Franchise Co. LLC, 242 F. Supp. 3d 356 (E.D. Pa. 2017) (awarding attorney's fees and costs in TCPA class action).

As the named plaintiff of a putative TCPA class action, Jassal is not precluded from seeking attorney's fees and costs should the class be certified.  Accordingly, I will not dismiss or strike this request for relief.

       \*                                     \*                                 \*

**AND NOW**, this 23rd day of September, 2025, upon consideration of VRA's Motion to Dismiss (Doc. No. 17) and Jassal's Response (Doc. No. 19), it is hereby **ORDERED** that VRA's Motion to Dismiss (Doc. No. 17) is **DENIED**.

                                        **AND IT IS SO ORDERED.**

                                     */s/ Paul S. Diamond*

                                      _____

                                      **PAUL S. DIAMOND, J.**